### Lull *v.* Clark and others.

*(Circuit Court, N. D. New York.  June 11, 1884.)*

Equity Practice—Questions Arising before Master.
　　All questions arising before a master in chancery should be presented to the court by objection and exception to his report. Before such report is made, the court will not entertain a motion to instruct the master while discharging his duties according to the best of his ability.

In Equity.
*Livingston Gifford*, for complainant.
*George J. Sicard*, for defendants.

Coxe, J. This is a motion to instruct the master in an equity action. The complainant has a patent for an "improvement in shutter hinges." The court heretofore sustained the patent and directed a decree for an injunction and an account. 13 Fed. Rep. 456. The infringing device introduced by the complainant on the trial was a hinge known as No. 1. On the accounting she sought to extend the investigation to several other hinges manufactured and sold by the defendants, contending that they were substantially the same as No. 1, and that they were covered by the decree. To this the defendants objected on the ground, *inter alia*, that the hinges other than No. 1 do not infringe, and, in the absence of a decision by the court holding that they infringe, the master had no authority to proceed. This objection was sustained by the master and complainant's counsel excepted, and immediately gave notice of a motion for an order directing and instructing the master to take and state, and report to the court, an account covering all the hinges referred to. A certified copy of the proceedings before the master is presented upon this motion. But the master has made no report and has not sought instruction or advice from the court.

The first objection interposed by the defendants is that this application is irregular and is not sustained by authority or the practice of the court. I am of the opinion that the objection is well taken. Rule 77 gives the master very general discretion in the conduct of

the investigation before him. He occupies, for the time being, the position of the court, and is not to be continually interfered with while discharging his duties to the best of his ability. It would create intolerable delays and confusion, besides putting an unnecessary burden upon the court to hold, that each time the master makes a ruling the aggrieved party may, by special motion, have it reviewed. The orderly, and it seems the generally accepted, procedure is, to present all the questions arising before the master by objections and exceptions to his report. Let it be assumed that the direction asked for is within the discretion of the court. It has not been customary to exercise it, and, in my judgment, it ought not to be exercised in a case like the present, where the master simply makes a ruling, which he has an undoubted right to make. A decision for the complainant will be recorded for a precedent and the attention of the court continually occupied with similar applications. A simple and well understood system will thus be involved in confusion and uncertainty. The weight of authority sustains the view here taken. *Union Sugar Refinery* v. *Mathiesson*, 3 Cliff. 146; *Wooster* v. *Gumbirnner*, *ante*, 167; *Anon.* 3 Atkyn, 524; *Vanderwick* v. *Summerl*, 2 Wash. C. C. 41, (head-note;) Daniell, Ch. Pr. (5th Amer. Ed.) 1181.

The motion must be denied, but without prejudice to any other remedy the complainant may see fit to take.